DONALD R. MILLER *et al.*, Plaintiffs-Appellants, *v.* SCHOOL DISTRICT No. 189, EAST ST. LOUIS, Defendant-Appellee.

(No. 74-100;

Fifth District—March 4, 1975.

Cohn, Carr, Korein, Kunin and Brennan, of East St. Louis (Rex Carr, of counsel), for appellants.

Edward Neville, of East St. Louis, for appellee.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Plaintiffs appeal from a judgment of the trial court of St. Clair County which interpreted an employment contract between plaintiffs and defendant adversely to the contention of the plaintiffs.

The dispute is whether a collective-bargaining agreement between Local 1220, American Federation of Teachers AFL-CIO, and the defendant covering the school year 1969-1970 was in violation of the School Code (Ill. Ann. Stat. ch. 122, par. 10—19 (Smith-Hurd 1974 Supp.)

The dispute is over the interpretation of the following provision of the contract:

> "16. The school year for all teachers shall consist of one hundred seventy-six (176) days of actual pupil attendance, although the school calendar must provide one hundred eighty-five (185) days of which there may be a maximum of four (4) institute days. Sufficient holidays will be given to insure that the maximum of one hundred seventy-six (176) days of actual pupil attendance will not be exceeded. At the regular March meeting of the Board the days in excess of one hundred seventy-six (176) actual pupil attendance days shall be granted as holidays according to one of the following alternatives:
>
> a. If Easter falls at or after April 15, all 'excess' days shall be added to the Easter holidays as they were published in the beginning of the year school calendar.
>
> b. If Easter falls before April 15, one-half of the 'excess' days shall be added to the Easter holidays as they were published in the beginning of the year school calendar, with the remaining one-half added to the Memorial Day holidays as they were published in the beginning of the year school calendar. If computation of one-half of the 'excess' days produces a fraction of a day, it shall be resolved by adding the whole day to the Easter holidays."

The county superintendent of schools announced that only one teachers' institute day would be scheduled in St. Clair County for the school year in question. The defendant school board thereupon determined upon the advice of the county superintendent of schools that the three

unused teachers' institute days were to be used as actual pupil attendance days requiring the presence of all the plaintiffs for 179 days rather than for the 176 days set out in the contract. The school board took the position that it was bound, by law, to add the three unused days to the actual pupil attendance days and that the contractual provision which bound the district to declare these three days as holidays was illegal and not binding upon it. The board suggested to the plaintiffs that they should teach these three additional days and submit the question of the legality of the contractual provision to the courts for determination. The district agreed that if the courts determined that the contractual provision was legal, then the teachers would receive salaries for the three additional days. The teachers accepted the proposal, and this declaratory judgment action followed.

The trial court interpreted the School Code "to require school districts to establish a school calendar of 180 days. A maximum of four of these days may be used for teacher institute days. If the teacher institute days are not used, then each district must have 180 days of pupil attendance."

Of primary importance to this dispute is the meaning of section 10—19 of the School Code (Ill. Ann. Stat. ch. 122, par. 10—19 (Smith-Hurd 1974 Supp.) and, more specifically, a determination as to what is meant by the words "minimum term" when used in that section.

The pertinent portions of section 10—19 read as follows:

"Each school board shall annually prepare a calendar for the school term, specifying the opening and closing dates and providing a minimum term of at least 185 days to insure 176 days of actual pupil attendance, computable under Section 18—8. Any days allowed by law for teachers' institute but not used as such shall increase the minimum term by the school days not so used."

The real question in construing this section is how the second sentence modifies the first. Once it is determined what is meant by "minimum term" it is clear that this amount is extended by unused institute days. Appellant contends that the "minimum term" refers to 185 days, and any unused teachers' institute days are merely added to this number. It is the position of the appellee school district that "minimum term" refers to 180 days of actual pupil attendance, reducible to a minimum of 176 days if all teachers' institute days are so used.

The legislature in the first sentence of section 10—19 is clearly indicating a desire "to insure 176 days of actual pupil attendance" by providing a minimum term of at least 185 days. The word "insure" merely indicates that the legislature had in mind the commonly known fact that school days must be cancelled in some situations due to inclement weather conditions, sickness, etc. Thus the additional 9 days over and above 176

are a form of insurance, a statutorily imposed duty to prevent school boards from discounting the unforeseeable. The number 185 used in section 10—19 represents the lowest number of days a school board may designate in fixing its calendar, but as appellant points out in his brief, this number is often surpassed in establishing school calendars so that emergency snow days may be adequately provided for. It is evident then that a school board is not bound to a fixed number of days. This fact is important in considering the relevance of the second sentence of section 10—19, for if unused teachers' institute days are to be added to 185, this sentence is meaningless. The legislature may just as well have provided a figure of 189 and then made no provision for the use of unused teachers' institute days. To suggest that the legislature has gone to such trouble to provide for the disposition of unused institute days in a manner which will have little or no effect on actual pupil attendance seems unreasonable indeed.

By far the more logical interpretation is that the legislature contemplated a minimum number of computable pupil attendance days of 176; for teachers they provided a minimum of 180, for the "days allowed by law for teachers' institute" are four by virtue of section 3—11. For every allowable institute day not used, the second sentence of section 10—19 provides for mandatory increase in the 176 days of actual pupil attendance to a maximum of four, or a total of 180 days. Such a reading of section 10—19 gives meaning to the second sentence, which otherwise would be pointless.

The pertinent sections of the contract incorporate to a large degree the provisions of section 10—19 of the School Code. We note that appellant actually argues in his brief for an interpretation of section 10—19 which is quite different from the interpretation provided by the contract itself. The last half of the first sentence of the contract terms noted above states "* * * although the school calendar must provide one hundred eighty-five (185) days *of which* there may be a maximum of four (4) institute days." (Emphasis added.) Appellant states that "in our judgment there is no conceivable way that section 10—19 can be interpreted in any fashion other than requiring those 3 days to be added to the 'minimum term of at least 185 days.'" It is readily apparent that these two positions are in contradiction, for the contract includes the teachers' institute days within the total of 185, while appellant chooses to add these days to the 185.

For the foregoing reasons the judgment of the trial court is affirmed.

Judgment affirmed.

EBERSPACHER and CARTER, JJ., concur.