DONALD PURN *et al.*, Plaintiffs-Appellants, *v.* BOARD OF EDUCATION, COMMUNITY UNIT SCHOOL DISTRICT 300, Defendant-Appellee.

Second District   No. 81-784

Modified opinion filed on denial of rehearing July 1, 1982.

Arnold S. Rosenberg and Jacob Pomeranz, both of Cornfield and Feldman, of Chicago, for appellants.

Gordon E. Schulz, of Dundee, and Bruce C. Mackey, of Klein, Thorpe and Jenkins, of Chicago, for appellee.

JUSTICE LINDBERG delivered the opinion of the court:

The issue before us in this appeal is whether teachers are entitled to compensation for working a day added by a school board to make up for the Hostage Day legal holiday declared by the President of the United States and deducted from the mandatory minimum of 176 school days by the legislature. Plaintiffs are teachers employed by defendant, Board of Education, Community Unit School District 300 (Board), Kane County. The Board established a school calendar for the 1980-81 academic year. School was scheduled to begin on August 29, 1980, and end on June 16, 1981.

On April 13, 1981, the Board modified the school calendar so that the academic year would end on June 11, 1981. This action eliminated the four days set aside for cancellation of school due to weather conditions ("snow days"), but not used as such. School was held on June 11, 1981, to make up for a holiday declared by President Reagan on January 29, 1981, to commemorate the release of the American hostages from Iran ("Hostage Day"). Plaintiffs were required to work without compensation on June 11, 1981.

The named plaintiffs sought certification as representatives of the class of all teachers employed by the Board, a declaratory judgment that the holding of a school day on June 11, 1981, was illegal, and compensation for their work on June 11, 1981. Both parties moved for summary judgment. The trial court, without reaching the issue of class certification, granted summary judgment to the Board. The trial court did not rule on the propriety of class certification, and the parties have not raised the matter before this court; therefore, we need not consider this issue on appeal. *District 300 Education Association v. Board of Education* (1975), 31 Ill. App. 3d 550, 334 N.E.2d 165.

A school board is to prepare an annual calendar for the school term. (Ill. Rev. Stat. 1979, ch. 122, par. 10—19.) A minimum term of 185 days is required, to insure 176 days of pupil attendance. (Ill. Rev. Stat. 1979, ch. 122, par. 10—19.) The required number of pupil attendance days must be increased by any days, up to a maximum of four, set aside as teachers' institute days, but not used as such. (Ill. Rev. Stat. 1979, ch. 122, pars.

3—11, 10—19; *Miller v. School District No. 189* (1975), 26 Ill. App. 3d 172, 325 N.E.2d 43.) In its discretion, a school board may specify a closing date earlier than that set originally when the district schools have provided the minimum number of days. (Ill. Rev. Stat. 1979, ch. 122, par. 10—19; *Board of Education v. Chicago Teachers Union, Local 1* (1981), 88 Ill. 2d 63, 430 N.E.2d 1111.) The teachers employed by the Board agreed, by their contracts, to work in accordance with the calendar set by the Board.

The original term was August 29, 1980, through June 16, 1981, for the 1980-81 academic year. The total term was 185 days. The term was shortened so that school would end on June 11, 1981, thus eliminating those days in excess of the number of instructional days originally planned. In prior years, the Board reduced its calendar, but not always to the minimum number of days required by statute. One of the days remaining at the end of the calendar for the 1980-81 school year was designed to make up for a snow day. As the record shows, the other remaining day was intended to make up for the Hostage Day holiday. The Board would have met the required number of school days without holding school on June 11, 1982.

■■■ A school board has substantial discretion over its calendar (*Board of Education v. Chicago Teachers Union, Local 1* (1981), 88 Ill. 2d 63, 430 N.E.2d 1111) and over the days its employees will be required to work. (*Perlin v. Board of Education* (1980), 86 Ill. App. 3d 108, 407 N.E.2d 792; *District 300 Education Association v. Board of Education* (1975), 31 Ill. App. 3d 550, 334 N.E.2d 165.) However, in order for the Board's action to be upheld, the action must be in compliance with the Board's statutory authority. (*Board of Education v. Chicago Teachers Union, Local 1* (1981), 88 Ill. 2d 63, 430 N.E.2d 1111; *Cohn v. Board of Education* (1970), 118 Ill. App. 2d 453, 254 N.E.2d 803.) The Board's action here exceeded that authority.

Hostage Day was a school holiday designated by the President of the United States. Because of this holiday, the Illinois legislature reduced the minimum number of pupil attendance days for the 1980-81 school year to 175, instead of 176. (Pub. Act 82-1, effective March 31, 1981; see Pub. Act 82-203, effective August 14, 1981.) A teacher cannot be required to teach on holidays. (Ill. Rev. Stat. 1979, ch. 122, par. 24—2.) No deduction from a teacher's time or compensation may be made due to a holiday. (Ill. Rev. Stat. 1979, ch. 122, par. 24—2.) The Board's action is contrary to the statutory mandates provided by these provisions.

Since school was held on June 11, 1981, to make up for a legal holiday, the Board's action was illegal. The judgment of the Circuit Court of Kane County is reversed and remanded. Summary judgment is entered for plaintiffs. A remand is necessary to determine whether plaintiffs

should be certified class representatives and the amount of recovery to which plaintiffs or the class are entitled.

Reversed and remanded.

SEIDENFELD, P. J., and REINHARD, J., concur.