CONSTANCE EVANS, Petitioner-Appellee, v. BENJAMIN SCHOOL DISTRICT NO. 25, Respondent-Appellant.

Second District   No. 84—0440

Opinion filed July 15, 1985.

Joanne P. Schochat and Robert H. Ellch, both of Scariano, Kula & Associates, of Chicago Heights, for appellant.

Lester E. Munson, Jr., of Smith & Munson, Ltd., of Wheaton, for appellee.

PRESIDING JUSTICE NASH delivered the opinion of the court:

Respondent, Benjamin School District No. 25, appeals from a summary judgment entered in a *mandamus* action brought against the district by petitioner, Constance Evans, which directed she be reinstated as a school teacher and awarded back pay with interest.

The primary issue presented in this appeal is whether a school board is authorized to grant tenure to a part-time teacher who has not met the service requirements of section 24—11 of the School Code (Ill. Rev. Stat. 1983, ch. 122, par. 24—11).

This matter was heard in the trial court upon a stipulation of facts which disclosed the following:

Petitioner, Constance Evans, is a teacher who has been certified to teach elementary grades, and respondent is a school district operating under the provisions of the Illinois School Code (Ill. Rev. Stat. 1983, ch. 122, par. 1—1 *et seq.*). Evans taught in the district's

schools from 1972 until her termination by the district in June 1982. She was paid on a full-time basis, however, only during the 1974-75 and 1981-82 school years; in each of the other school years of her employment by the district Evans was paid 5/10ths of a full-time salary.

The stipulation further provided that at a meeting of the district's board of education held March 18, 1975, a motion was made and carried that Evans (and three other teachers) be approved for "tenure status." Thereafter, at a meeting of the board held September 28, 1981, a motion was made and carried rescinding the action of the former board granting tenure to part-time certified staff as unlawful and contrary to section 24—12 of the School Code. The board noted in its minutes that "although well-intended, past boards had taken action without authority to do so and under the circumstances tenure was a fantasy and not a fact."

Thereafter, on March 1, 1982, the board, on recommendation of the superintendent, terminated Evans' employment as of the end of the 1981-82 school year, noting she was a "first year teacher." The parties further stipulated that during the years 1972-1982 in which Evans was employed by the district, she had no other employment and devoted all of her working hours to the district.

After hearing arguments of counsel, the trial court ordered that petitioner be reinstated as a teacher "on the basis that she was something more than a first year teacher and her removal was, therefore, invalid."

The district initially contends reinstatement was erroneous, as petitioner had never fulfilled the requirements of section 24—11 of the School Code necessary to attain the status of contractual continued service, and the board of education in March 1975, therefore, lacked authority to grant tenure absent statutory compliance. Petitioner responds that she was a full-time teacher within the meaning of section 24—11 of the School Code and was thus properly granted tenure.

Section 24—11 provides, in part:

"Any teacher who has been employed in any district as a *full-time* teacher for a probationary period of 2 consecutive school terms shall enter upon contractual continued service unless given written notice of dismissal stating the specific reason therefor, by registered mail by the employing board at least 60 days before the end of such period. For the purpose of determining contractual continued service, the first probationary year shall be any *full time* employment from a date

before November 1 through the end of the school year. If, however, a teacher has not had one school term of *full-time* teaching experience before the beginning of such probationary period, the employing board may at its option extend such probationary period for one additional school term by giving the teacher written notice by registered mail at least 60 days before the end of the second school term of the period of 2 consecutive school terms referred to above. Such notice must state the reasons for the one year extension and must outline the corrective actions which the teacher should take to satisfactorily complete probation.

Any *full-time* teacher who is completing the first year of the probationary period described in the preceding paragraph, or any teacher employed on a full-time basis not later than January 1 of the school term, shall receive written notice from the employing board at least 60 days before the end of any school term whether or not he will be re-employed for the following school term. If the board fails to give such notice, the employee shall be deemed reemployed, and not later than the close of the then current school term the board shall issue a regular contract to the employee as though the board had reemployed him in the usual manner.

\* \* \*

Contractual continued service shall continue in effect the terms and provisions of the contract with the teacher during the last school term of the probationary period, subject to this Act and the lawful regulations of the employing board. This Section and succeeding Sections do not modify any existing power of the board except with respect to the procedure of the discharge of a teacher and reductions in salary as hereinafter provided. Contractual continued service status shall not restrict the power of the board to transfer a teacher to a position which the teacher is qualified to fill or to make such salary adjustments as it deems desirable, but unless reductions in salary are uniform or based upon some reasonable classification, any teacher whose salary is reduced shall be entitled to a notice and a hearing as hereinafter provided in the case of certain dismissals or removals." (Emphasis added.) Ill. Rev. Stat. 1983, ch. 122, par. 24—11.

▮▮ ▮ A tenured teacher, in contractual continued service, is one who has been employed as a full-time teacher for a probationary term of two (or three in certain circumstances) consecutive yearly

school terms without receiving a notice of dismissal, as provided in section 24—11. (*Johnson v. Board of Education* (1981), 85 Ill. 2d 338, 343, 423 N.E.2d 903; *Bessler v. Board of Education* (1977), 69 Ill. 2d 191, 196-97, 370 N.E.2d 1050.) The purpose of the tenure system is to afford tenured teachers procedural safeguards, guarantee continuous service on the basis of merit for able, experienced teachers and prevent dismissal for political, partisan or capricious reasons. (*Johnson v. Board of Education* (1981), 85 Ill. 2d 338, 344, 423 N.E.2d 903; *McLain v. Board of Education* (1978), 66 Ill. App. 3d 1024, 1026, 384 N.E.2d 540.) As tenure provisions are in derogation of the common law, they must be strictly construed in favor of school districts so as not to unduly interfere with local board responsibility to operate educational systems efficiently (*Johnson v. Board of Education* (1981), 85 Ill. 2d 338, 344, 423 N.E.2d 903; *Kuykendall v. Board of Education* (1982), 111 Ill. App. 3d 809, 812, 444 N.E.2d 766, *appeal denied* (1983), 93 Ill. 2d 542; *Thrash v. Board of Education* (1982), 106 Ill. App. 3d 182, 186, 435 N.E.2d 866) and must be construed to effect the intention of the legislature. *Board of Trustees v. Taylor* (1983), 114 Ill. App. 3d 318, 322, 448 N.E.2d 1171.

Petitioner argues she should be considered as a "full-time" teacher, as she devoted all of the hours that she worked to the district teaching kindergarten and had no employment elsewhere. She asserts that was a full-time job and, although she taught class for only one-half day and was paid for one-half time, she worked many hours each day outside of classroom instruction in planning and preparation for classes. She also notes the Illinois Teachers' Retirement System defines full-time employment as that which requires at least four hours daily in public schools. Ill. Rev. Stat. 1983, ch. 108½, par. 16—106(h).

To gain tenured status the School Code requires that a teacher must first complete two consecutive school years as a full-time teacher. (Ill. Rev. Stat. 1983, ch. 122, par. 24—11.) For eight of the 10 years petitioner taught, she was employed and paid in a half-time position; while she was employed and paid on a full-time basis for two school years, they were not consecutive. That petitioner personally considered her teaching efforts to be a full-time activity or that she, like all teachers, was necessarily employed in planning and preparation in addition to the classroom teaching periods, is not determinative of the question. Nor do we consider that the requirements for benefits under Teachers' Retirement System can resolve the issue. It provides there must be at least four hours' daily em-

ployment to be considered full-time teaching (Ill. Rev. Stat. 1983, ch. 108½, par. 16—106), but does not purport to define that term for purposes of the School Code. Nor is there anything in this record to establish that petitioner applied four hours each day to teaching during her eight years of part-time employment.

In *Johnson v. Board of Education* (1981), 85 Ill. 2d 338, 423 N.E.2d 903, the court understandably considered that a ⁴/₁₀ths teaching position was part-time employment and, in the School Code, a full school day is considered to be five hours in other contexts (see Ill. Rev. Stat. 1983, ch. 122, pars. 18—8(1)(c), 21—9). It is apparent that for the years Evans was employed in a ⁵/₁₀ths position it was for less than the full-time basis which is required under section 24—11, and she thus failed to complete the two consecutive full-time probationary years necessary for tenure.

■ We consider next whether the school board had the power to grant tenure to petitioner even though she failed to meet the requirements of section 24—11 of the School Code.

The district contends that the school board has only those powers specified in section 24—11 of the School Code to confer tenure upon a teacher and was thus not authorized to grant tenure to petitioner in March 1975 as she had not been employed for two consecutive years as a full-time teacher. Petitioner asserts that the School Code does not limit or restrict a school board from granting tenure to a teacher who has not met the standards of section 24—11 and the board was authorized to do so here.

A school board is a body politic and corporate created to perform governmental functions relating to education of children in its district and has such powers as are expressly conferred or as may be necessary to effect powers granted by the General Assembly. (*Weary v. Board of Education* (1977), 46 Ill. App. 3d 182, 184, 360 N.E.2d 1112, *appeal denied* (1977), 66 Ill. 2d 637; *Wesclin Education Association v. Board of Education* (1975), 30 Ill. App. 3d 67, 75, 331 N.E.2d 335, *appeal denied* (1975), 61 Ill. 2d 600.) A board must act within its statutory authority and has no inherent powers beyond those specifically granted. (*Purn v. Board of Education* (1982), 106 Ill. App. 3d 790, 792, 437 N.E.2d 33, *appeal denied* (1982), 91 Ill. 2d 580; *Beaver Glass & Mirror Co. v. Board of Education* (1978), 59 Ill. App. 3d 880, 883, 376 N.E.2d 377.) Statutes conferring authority on a board must be considered not only as a grant of power, but as a limitation thereof. *Wesclin Education Association v. Board of Education* (1975), 30 Ill. App. 3d 67, 75, 331 N.E.2d 335, *appeal denied* (1975), 61 Ill. 2d 600; *Littrell v. Board of*

*Education* (1977), 45 Ill. App. 3d 690, 697, 360 N.E.2d 102.

The district considers *Wesclin Education Association v. Board of Education* (1975), 30 Ill. App. 3d 67, 331 N.E.2d 335, to be similar factually to the present case. There, a school board by a collective bargaining contract with its teachers sought to limit the board's statutory power to dismiss nontenured teachers. The reviewing court noted that the board thus gave to nontenured teachers many of the rights which the legislature had reserved for tenured teachers under the provisions of sections 24—11 and 24—12 of the School Code. It found that the school board was without authority to do so and the contract was *ultra vires* insofar as its provisions were at variance with the School Code. 30 Ill. App. 3d 67, 76-77.

Petitioner notes that the Illinois courts have not considered the specific issue presented here and offers *Moritz v. Board of Education* (1977), 60 App. Div. 2d 161, 400 N.Y.S.2d 247, as authority. In *Moritz*, a part-time teacher was granted tenure by the school board, even though New York courts had held that the requisite probationary service for purposes of acquiring tenure must be full-time service. The board subsequently sought to dismiss the teacher, contending it had illegally granted tenure. The reviewing court noted, however, that the controlling statute did not specify whether the probationary employment must be full or part-time and, as the board had complied with the literal requirements of the statute, a majority of the court found the board was estopped from dismissing the teacher on this grounds. It concluded that while the board's action in granting tenure was improper, it was within its broad power of appointment and not *ultra vires*. (60 App. Div. 2d 161, 166-67, 400 N.Y.S.2d 247, 250-51.) *Moritz* must be distinguished, therefore, as the Illinois legislature has specifically required full-time teaching for the requisite probationary period (Ill. Rev. Stat. 1983, ch. 122, par. 24—11), and part-time teaching cannot here be relied upon by a nontenured teacher to establish tenure. *Johnson v. Board of Education* (1981), 85 Ill. 2d 338, 347, 423 N.E.2d 903; *Kuykendall v. Board of Education* (1982), 111 Ill. App. 3d 809, 811, 444 N.E.2d 766, *appeal denied* (1983), 93 Ill. 2d 542.

The primary purpose of section 24—11 is to protect teachers who have qualified for its protection, and the district must prevail here unless it is clear the teacher attained tenure status and the right to such protection. (*Jones v. General Superintendent of Schools* (1978), 58 Ill. App. 3d 504, 374 N.E.2d 834; *Graham v. Board of Education* (1973), 15 Ill. App. 3d 1092, 1096, 305 N.E.2d 310, *appeal denied* (1974), 55 Ill. 2d 605.) The legislature intended the ten-

ure laws to give probationary teachers the least protection and school boards the greatest flexibility in dealing with such teachers. (*Wesclin Education Association v. Board of Education* (1975), 30 Ill. App. 3d 67, 76, 331 N.E.2d 335, *appeal denied* (1975), 61 Ill. 2d 600.) In *Wesclin* it was noted that a school board has powers and duties which it cannot limit by contract or delegate. (See *Illinois Education Association v. Board of Education* (1975), 62 Ill. 2d 127, 340 N.E.2d 7; *Weary v. Board of Education* (1977), 46 Ill. App. 3d 182, 360 N.E.2d 1112, *appeal denied* (1977), 66 Ill. 2d 637.) Public school teachers have limited tenure rights which are subject to expansion, limitation or deletion by the General Assembly. (*Steinmetz v. Board of Trustees* (1978), 68 Ill. App. 3d 83, 88, 385 N.E.2d 745, *appeal denied* (1979), 75 Ill. 2d 594; see *People v. Deatherage* (1948), 401 Ill. 25, 45-46, 81 N.E.2d 581.) Under existing law, a board may deny tenure forever, if it so elects. *Johnson v. Board of Education* (1980), 87 Ill. App. 3d 441, 443, 409 N.E.2d 139, *aff'd* (1981), 85 Ill. 2d 338, 423 N.E.2d 903.

It is for the legislature to determine the basis upon which tenure may be granted, not the court, or the school board. (See *Lester v. Board of Education* (1967), 87 Ill. App. 2d 269, 230 N.E.2d 893, *appeal denied* (1968), 37 Ill. 2d 627.) The School Code authorizes a school board to appoint teachers, terminate their employment by dismissal, as specified, or by nonrenewal of probationary teachers' contracts (*Illinois Education Association v. Board of Education* (1975), 62 Ill. 2d 127, 130, 340 N.E.2d 7; *Board of Education v. Cahokia District Council No. 58* (1981), 93 Ill. App. 3d 376, 378-79, 417 N.E.2d 151); it does not authorize a board to either adopt alternate rules for tenure or waive those existent. School boards, whether in good or bad faith, cannot be allowed to circumvent the spirit and purpose of tenure laws. (*Kuykendall v. Board of Education* (1982), 111 Ill. App. 3d 809, 811, 444 N.E.2d 766, *appeal denied* (1983), 93 Ill. 2d 542; *Hagopian v. Board of Education* (1978), 56 Ill. App. 3d 940, 944, 372 N.E.2d 990.) Tenure is a creature of statute, essentially procedural, and is not derived from contractual concepts or the common law. See *Crumpler v. County of Logan* (1967), 38 Ill. 2d 146, 230 N.E.2d 211; *People v. Deatherage* (1948), 401 Ill. 25, 81 N.E.2d 581; *Craddock v. Board of Education* (1979), 76 Ill. App. 3d 43, 391 N.E.2d 1059; *Neal v. Board of Education* (1977), 56 Ill. App. 3d 10, 371 N.E.2d 869, *appeal denied* (1978), 71 Ill. 2d 603.

We conclude the school board lacked authority to grant tenure to petitioner absent her compliance with the requirements of section 24—11 of the School Code.

Petitioner has also contended that the district is estopped to now deny tenured status to her after granting it in 1975. She argues that the exercise of authority by the school board in granting tenure was, at most, an irregular exercise of its power to appoint teachers and thus not *ultra vires* and void, citing, *e.g., McGovern v. City of Chicago* (1917), 281 Ill. 264, 118 N.E. 3; *Stahelin v. Board of Education* (1967), 87 Ill. App. 2d 28, 230 N.E.2d 465.

It is clear that the doctrine of estoppel cannot be invoked against a public body when the action taken by it was *ultra vires, i.e.,* beyond its authority and void. (*Eertmoed v. City of Pekin* (1980), 83 Ill. App. 3d 362, 364, 404 N.E.2d 942, *appeal denied* (1980), 81 Ill. 2d 591; *Board of Education v. Chicago Teachers' Union Local 1* (1975), 26 Ill. App. 3d 806, 811, 326 N.E.2d 158.) As earlier discussed, section 24—11 of the School Code plainly describes the circumstances under which tenure may be granted to a teacher and does not authorize a school board to avoid those conditions. The grant of tenure to petitioner was more than irregular as she had not taught full-time for two consecutive years and, plainly, was not entitled to tenure. (See *Wesclin Education Association v. Board of Education* (1975), 30 Ill. App. 3d 67, 331 N.E.2d 335.) The doctrine of estoppel may not be applied to validate an *ultra vires* act, and we will not do so here.

To be entitled to the writ of *mandamus* a party must demonstrate a clear right to that extraordinary relief. (*Oberman v. Byrne* (1983), 112 Ill. App. 3d 155, 158-59, 445 N.E.2d 374, *appeal denied* (1983), 93 Ill. 2d 543; *Smith v. Board of Education* (1977), 52 Ill. App. 3d 647, 649, 367 N.E.2d 296.) As petitioner was not a lawfully tenured teacher at the time of her dismissal by the school board, she was not entitled to summary judgment and issuance of the writ reinstating her as a teacher for the district.

Accordingly, the judgment of the circuit court will be reversed and the cause remanded with directions that the district's motion for summary judgment be granted.

Reversed and remanded.

REINHARD and UNVERZAGT, JJ., concur.