KEITH RYAN, d/b/a Keith Ryan and Associates, Plaintiff-Appellee, v. WARREN TOWNSHIP HIGH SCHOOL DISTRICT NO. 121, Defendant-Appellant.

Second District   No. 2—86—0723

Opinion filed May 6, 1987.—Rehearing denied June 2, 1987.

Thomas A. Robinson and Dennis A. Brebner, both of Robinson & Brebner, of Gurnee, for appellant.

David R. Quade, of Waukegan, for appellee.

JUSTICE WOODWARD delivered the opinion of the court:

Defendant, Warren Township High School District No. 121 (hereinafter school district), appeals from a judgment entered for the plaintiff, Keith Ryan, d/b/a Keith Ryan and Associates, and against the school district in the amount of $1,975. On appeal, the school district contends that it lacked the authority under the School Code (Ill. Rev. Stat. 1985, ch. 122, par. 10–20.21) to contract for plaintiff's services and that the contract was unenforceable because it violated the Election Interference Prohibition Act (Ill. Rev. Stat. 1985, ch. 46, par. 103).

Plaintiff, the only witness in the case, testified that in September 1985, he was working as a public relations manager for Clausing and Company. He was contacted by Dr. Paul Rundio, the superintendent of the school district, who requested a cost estimate of plaintiff's services. At that time, the school district had decided to raze Warren High School, which had been damaged by fire, and build a new school. However, community members who opposed the school district's plan instituted a lawsuit to block the destruction of the school. Dr. Rundio hired plaintiff to act as a liaison with members of the press and the community, to issue press releases, and to hold public meetings. The term of plaintiff's employment was from September to November 1985, prior to the school board elections.

Plaintiff submitted an itemized proposal and cost estimate totaling $5,000 to Dr. Rundio. Plaintiff was unaware of any public school board meeting adopting his oral contract negotiated with Dr. Rundio. The school district paid an interim bill for plaintiff's services in the amount of $3,200. On November 1, 1985, plaintiff submitted a second bill in the amount of $1,975 to the school district. When the school district refused payment, plaintiff filed this lawsuit.

The trial court found that the school district's act of contracting with the plaintiff was not *ultra vires* but was authorized by the implied power to disseminate information to the community. The court also found that the school district irregularly adopted the contract and subsequently ratified the contract by issuing partial payment to the

plaintiff and accepting plaintiff's services. The trial court also found that the contract did not violate the Elections Interference Prohibition Act. Therefore, the trial court entered judgment in favor of plaintiff and against the school district. This appeal followed.

The school district contends first that it did not have the authority to contract with plaintiff, so the contract is null and void.

■■ ■ Contracts entered into by a public body which are prohibited by an express provision of the law, or which under no circumstances could be legally entered into, are uniformly held to be *ultra vires* and void. (*Evans v. Benjamin School District No. 25* (1985), 134 Ill. App. 3d 875, 882; *Eertmoed v. City of Pekin* (1980), 83 Ill. App. 3d 362, 366-67.) While statutes granting powers to school boards must be strictly construed, a school board has the power expressly conferred and such powers as may be necessary to carry into effect those expressly granted. (*Craddock v. Board of Education* (1979), 76 Ill. App. 3d 43, 44, *aff'd* (1980), 81 Ill. 2d 28.) We conclude that the contract was not prohibited by an express provision of the School Code, and our interpretation of the School Code permits entering into the contract.

■■ Implicit in the school district's power to hold regular and special meetings open to the public is the need to disseminate information to the public and receive feedback from the community. The School Code specifies that the school district should hold meetings where the members of the public are afforded an opportunity to question the board or to comment. (Ill. Rev. Stat. 1985, ch. 122, par. 10—6.) Hiring a public relations consultant would enhance the school district's communication with the public, especially where the parties described relations between them as "explosive" and "turbulent." Plaintiff arranged public meetings and tours of the old school and generally assisted the board in communicating with the public. Section 10—20.21 of the School Code (Ill. Rev. Stat. 1985, ch. 122, par. 10—20.21) contemplates the hiring of professionals and highly skilled individuals for their services, although a public relations consultant is not specifically listed. While we express no opinion regarding the board's judgment in hiring a public relations consultant, we conclude that the School Code does not prohibit entering into a contract with the plaintiff.

Defendant's reliance on *Evans v. Benjamin School District No. 25* (1985), 134 Ill. App. 3d 875, for the proposition that the school district's actions are limited to the express provisions of the School Code is misplaced. The facts in *Evans* are distinguishable from the case at bar. At issue in *Evans* was the school board's power to grant tenure

to a teacher. The teacher had not met the standards set out in section 24—11 of the Illinois School Code (Ill. Rev. Stat. 1985, ch. 122, par. 24—11). The school district could not ignore the provision and grant tenure based on its own discretion. In this case, the legislature had not sought to provide specifications governing the hiring of consultants.

While the school district's actions were not void and *ultra vires*, no evidence exists establishing that the school district had voted to authorize an expenditure for plaintiff's fees. Section 10—7 of the School Code provides in relevant part:

> "On all questions involving the expenditure of money, the yeas and nays shall be taken and entered on the records of the proceedings of the board. The secretary or clerk should keep the minutes and, if the district is not required to employ a superintendent, keep or cause to be kept the financial records of the school district." (Ill. Rev. Stat. 1985, ch. 122, par. 10—7.)

Plaintiff testified that, to his knowledge, no meeting of the board occurred for the purpose of hiring him or approving the expenditure of his fees. By failing to call a meeting in order to authorize an expenditure for plaintiff's services, the school district irregularly contracted with the plaintiff. The parties do not dispute the trial court's finding that the board irregularly exercised its power in hiring the plaintiff.

■■ ■ Courts have distinguished between cases where the school district was utterly without the power to make a contract and cases in which it had the power, but exercised it in an irregular fashion. In the latter case, it is well settled that the conduct is merely voidable, and plaintiff may recover in *quantum meruit*. (*Hall v. County of Cook* (1935), 359 Ill. 528, 530; *Mathew v. Town of Algonquin* (1972), 3 Ill. App. 3d 429, 434.) The rationale is as follows:

> "Contracts entered into by a municipality which are expressly prohibited by law, and which under no circumstances can be entered into, are void and ultra vires. They may not be rendered valid thereafter by estoppel or ratification on the part of the municipality. However, there is another class of municipal contracts, distinct from the void type heretofore referred to, wherein the municipality has the power to enter into the contract, but where a portion thereof may be beyond its power, or its power may have been irregularly exercised. As to this class of contracts, a municipality may not assert its want of authority or power, or the irregular exercise thereof, where to do so would give it an unconscionable advantage over the other party. Municipal corporations, as well as private corporations and indi-

viduals, are bound by principles of common honesty and fair dealing. [Citations.]" (*Stahelin v. Board of Education* (1967), 87 Ill. App. 2d 28, 41-42.)

Therefore, although the contract was irregularly entered into, plaintiff is entitled to be reimbursed for his services where the school district ratified the contract by accepting the services and by making the partial payment.

This case is distinguishable from the case of *D. C. Consulting Engineers, Inc. v. Batavia Park District* (1986), 143 Ill. App. 3d 60. In *D. C. Consulting Engineers*, the park board failed to authorize by vote expenditures to repair a building. The plaintiff there began repairing the building until it was told by another individual to discontinue work four days later. The court held that the contract was void and not entered into in an irregular fashion. In that case, the plaintiff dealt solely with one individual who said, "You might as well start doing it." Only that individual knew the work was being done, and it was not until another individual learned of the plaintiff's services that he discontinued working. In this case, however, plaintiff's services continued for several months with the board's full knowledge as all the members knew of the public meetings scheduled by the plaintiff, his helping them with interviews, and his discussion with them of ideas for various committees. In this case also, both parties agree that the hiring was done in an irregular fashion.

■ Defendant's final contention is that the contract is void since it violates the Election Interference Prohibition Act (Ill. Rev. Stat. 1985, ch. 46, par. 103). Section 103 of that Act states as follows:

"No public funds shall be used to urge any elector to vote for or against any candidate or proposition, or be appropriated for political or campaign purposes to any candidate or political organization. This provision shall not prohibit the use of public funds for dissemination of factual information relative to any proposition appearing on an election ballot, or for dissemination of information and arguments published and distributed pursuant to law in connection with a proposition to amend the Constitution of the State of Illinois." (Ill. Rev. Stat. 1985, ch. 46, par. 103.)

The school district alleges that the school board hired the plaintiff as a propagandist to market its decision within days of an election involving the very board members who hired the public relations consultant. Defendants, however, do not support their allegations with any specific facts. Further, even if the allegations were true, the plaintiff was only promoting the board's idea, which was to build a

new school, rather than promoting the candidates themselves.

For the foregoing reasons, the judgment of the circuit court of Lake County is affirmed.

Affirmed.

LINDBERG, P.J., and HOPF, J., concur.