# Illinois Official Reports

## Appellate Court

---

### *Medina v. Board of Education of the City of Chicago*,
### 2014 IL App (1st) 130588

---

| | |
|---|---|
| Appellate Court Caption | LILLIAN MEDINA, Plaintiff-Appellant, v. BOARD OF EDUCATION OF THE CITY OF CHICAGO, Defendant-Appellee. |
| District & No. | First District, Third Division<br>Docket No. 1-13-0588 |
| Filed<br>Rehearing denied | June 11, 2014<br>July 14, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | When plaintiff gave up her position as a tenured teacher at an elementary school and accepted a position as a nontenured assistant principal at the school, she knew that keeping the assistant principal position was contingent on obtaining a Type-75 certificate and that she gave up the right to revert to a tenured teacher position, and when she failed to obtain the Type-75 certificate, the decision of the board of education to dismiss her as an assistant principal and not allow her to return to her prior position as a tenured teacher was affirmed. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 11-CH-23406; the Hon. Kathleen Kennedy, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Elaine K.B. Siegel & Associates, P.C., of Chicago (Elaine K.B. Siegel and Jessica R. Hill, of counsel), for appellant.

Board of Education of City of Chicago Law Department, of Chicago (James L. Bebley, Lee Ann Lowder, and Ann R. Slater, of counsel), for appellee.

Panel     JUSTICE MASON delivered the judgment of the court, with opinion. Presiding Justice Hyman and Justice Neville concurred in the judgment and opinion.

## OPINION

¶ 1  Plaintiff-appellant, Lillian Medina, appeals from an order of the circuit court of Cook County affirming a decision of the Board of Education of the City of Chicago (Board) removing her as an assistant principal. Medina was dismissed as an assistant principal because she lacked the required certification for that position. Medina claims that she was entitled to a tenured teacher dismissal hearing under section 34-85 of the Illinois School Code (105 ILCS 5/34-85 (West 2010)), notwithstanding her administrative position, and that the Board acted *ultra vires* in dismissing her without a hearing pursuant to that section. Further, Medina claims that her lack of certification was remediable conduct, which could not serve as cause for her dismissal as a tenured teacher. We disagree and affirm.

¶ 2           BACKGROUND

¶ 3  Medina started working as a teacher for the Board in 1984. In June 2007, Medina was nominated by the principal of Rachel Carson Elementary School (Carson Elementary) for an assistant principal position and was hired in July of that year to fill the position.

¶ 4  Medina holds elementary and secondary teaching certificates, which qualify her to teach kindergarten through twelfth grade. Her position as an assistant principal requires a Type-75 administrative certificate. When she accepted the position, she signed an "Assistant Principal Nomination Form," acknowledging that she was required to possess the Type-75 certificate. This form also contained the following statement above Medina's signature:

> "I understand that by accepting this administrative appointment, I relinquish the right to bump back into a teaching position."

¶ 5  Medina also signed a form titled "Proof of Illinois State Certification Acknowledge [*sic*] Form," which states: "I understand that the Chicago Public Schools principal/assistant principal assignment is solely contingent on my being issued a Type-75–General Administration Certificate by the Illinois State Board of Education (ISBE) within three (3) months from the date of employment."

¶ 6        Board Rule 4-3(a)(1)(a)(i)(2) lists the means by which a tenured teacher can lose the right to contractual continued service. In addition to honorable dismissal and dismissal for cause, the rule provides that loss of tenure is triggered by "the tenured teacher's resignation from his/her teacher position, *which includes the tenured teacher's voluntary transfer from his/her teacher position to* an educational support personnel employee, a certificated administrator, *an assistant principal* or an interim or contract principal position." (Emphases added.) Board of Education of the City of Chicago R. 4-3(a)(1)(a)(i)(2) (rev. Mar. 2011).

¶ 7        In order to obtain a Type-75 certificate, a candidate must pass a basic skills test. Medina took the test in 2007, shortly after she was appointed to the assistant principal position, and again in 2008, but failed to pass. She did not attempt to take the test in 2009 or 2010. Medina never notified the Board that she had not passed the test and apparently the Board did not follow up after Medina was hired to determine whether she had obtained the Type-75 certificate.

¶ 8        Sometime toward the end of 2010, the Board's labor relations officer determined that Medina lacked the required certificate and, on December 10, 2010, the director of employee relations notified Medina in writing that she was staffed for a position for which she was not qualified. Medina again took the basic skills test on February 12, 2011, but did not pass. On March 3, 2011, the Board notified Medina that she was removed as assistant principal with pay pending the outcome of a presuspension hearing.

¶ 9        Medina's pre-suspension hearing was held on March 17, 2011. The following day she was charged with violating the Board's employee discipline and due process policy for being employed as an assistant principal without possessing a Type-75 certificate.

¶ 10        Dismissal of assistant principals and other managerial employees is governed by rules promulgated by the Board. Board Rule 4-7(b)(4) provides, "Upon recommendation of the Chief Executive Officer ***, the Board may dismiss assistant principals and educational support personnel governed by collective bargaining agreements for cause in accordance with the applicable provisions of the Board's Employee Due Process and Discipline Policy." Board of Education of the City of Chicago R. 4-7(b)(4) (rev. Mar. 2011). The Board's due process and discipline policy, in turn, prescribes discharge procedures for assistant principals that include notice of charges and a hearing before a hearing officer designated by the director of labor relations at which the assistant principal has the right to present oral and documentary evidence. Chicago Board of Education, Employee Discipline and Due Process Policy for School-Based Union Employees (Except CTU), § VI(B)(4) (adopted July 28, 2004).

¶ 11        On April 29, 2011, Medina had an assistant principal dismissal hearing. Medina was represented by counsel at the hearing at which testimony was taken and documents were admitted into evidence. Through counsel, Medina maintained that she should be "grandfathered" into the assistant principal position given that the principal of Carson Elementary was aware that she lacked a Type-75 certificate when she was hired for the position, that she held valid certificates as a tenured teacher and that she had been the victim of harassment and discrimination instigated by her principal. Medina further argued that even if she was terminated from her administrative position, she retained her status as a tenured teacher, a position from which she could be terminated only for cause and after a hearing pursuant to section 34-85 of the School Code. 105 ILCS 5/34-85 (West 2010). Medina

specifically disavowed any claim that as an assistant principal she was entitled to a hearing pursuant to section 34-85. *Id.*

¶ 12 At the hearing, Medina testified that she told the principal after the first time she took the basic skills test that she did not pass. Between 2007 and 2010, he inquired regarding the status of her certification periodically and she told him she was continuing to work on it. The remainder of Medina's testimony concerned conduct and statements by the principal toward Medina and others, which she claimed were gender-based or racially or ethnically motivated. Although the hearing officer allowed Medina to testify to certain discriminatory comments and conduct by the principal, she ultimately concluded that this evidence was not relevant to whether Medina possessed the necessary certification for her position.

¶ 13 Following the hearing, the director of the office of employee relations recommended that Medina be dismissed for failing to possess the Type-75 certificate. The Board adopted the recommendation and terminated Medina effective May 25, 2011.

¶ 14 Medina sought administrative review of her dismissal in the circuit court. The circuit court affirmed Medina's dismissal and she timely filed this appeal.

¶ 15                                          ANALYSIS

¶ 16 In administrative review cases, we review the decision of the administrative agency, not the decision of the circuit court. *Exelon Corp. v. Department of Revenue*, 234 Ill. 2d 266, 272 (2009); *Cerone v. State*, 2012 IL App (1st) 110214, ¶ 11. "[T]he applicable standard of review depends upon whether the question presented is one of fact, one of law, or a mixed question of fact and law." (Internal quotation marks omitted.) *Cinkus v. Village of Stickney Municipal Officers Electoral Board*, 228 Ill. 2d 200, 210 (2008).

¶ 17 An agency's conclusions of law are reviewed *de novo*. *Id*. at 211. If the appeal involves a statute the agency is charged with administering, courts accord some deference to the agency's interpretation. *Swank v. Department of Revenue*, 336 Ill. App. 3d 851, 855 (2003); *AFM Messenger Service, Inc. v. Department of Employment Security*, 198 Ill. 2d 380, 394 (2001).

¶ 18 If the issue presented involves a mixed question of law and fact, we review the agency's decision to determine whether it is "clearly erroneous." *Cerone*, 2012 IL App (1st) 110214, ¶ 12. Mixed questions of law and fact involve "questions in which historical facts are admitted or established, the rule of law is undisputed, and the issue is whether the facts satisfy the statutory standard, or to put it another way, whether the rule of law as applied to the established facts is or is not violated." *Id.*; see also *AFM Messenger*, 198 Ill. 2d at 391 (mixed question of law and fact is one involving an examination of the legal effect of a given set of facts). An administrative decision is clearly erroneous only when the reviewing court is " 'left with the definite and firm conviction that a mistake has been committed.' [Citation.]" *Id.* at 395. We review the determination that Medina did not retain her status as a tenured teacher upon becoming an assistant principal under the clearly erroneous standard and the Board's conclusions of law *de novo*.

¶ 19 It is undisputed that the assistant principal position required a Type-75 certificate and that Medina did not possess this credential. Medina also does not dispute that the Board was entitled to remove her from her assistant principal position for this reason. Medina's failure

to obtain the Type-75 certificate constituted "cause" for her dismissal as assistant principal and she received the hearing to which she was entitled under the Board's rules.

¶ 20    Medina claims that despite the form she signed when she accepted the assistant principal position acknowledging that she was relinquishing her ability to "bump back" to a tenured teacher position and contrary to the provisions of the Board's rules regarding loss of tenure, she was still a tenured teacher and could not be terminated except for cause related to her performance as a teacher. She argues that the Board's rules providing for a tenured teacher's relinquishment of that status upon acceptance of an assistant principal position run contrary to the provisions of the School Code and her property interest in her tenured position. According to Medina, once she was terminated from her assistant principal position, the Board was required to transfer her to a teaching position. Thus, the primary issue is whether Medina retained her status as a "teacher" to which she reverts upon being dismissed as an assistant principal. We conclude that she does not.

¶ 21    In *McCutcheon v. Board of Education of the City of Chicago*, 94 Ill. App. 3d 993 (1981), this court considered a similar claim by a principal who argued that after she was terminated as a principal, she should have been retained as a tenured teacher. After finding the record supported the Board's conclusion that plaintiff had engaged in irremediable conduct warranting her termination as a principal, the court addressed plaintiff's further contention that she should have been retained as a teacher since the charges against her only related to her service as a principal. Rejecting this contention, the court stated:

    "At the time these proceedings commenced plaintiff was employed as a principal and so the charges were necessarily restricted to her performance in that position. Plaintiff has cited no authority for her implicit contention that although fired as a principal she had a continuing right to employment as a teacher. Section 34-85 [of the School Code] by its terms refers to removal of a principal *or* teacher and we find no basis for determining that the statute contemplates a two-step removal process for principals first as principals, and then as teachers. [Citation.]" (Emphasis in original.) *Id.* at 998.

¶ 22    Medina counters that the principal in *McCutcheon* did receive a dismissal hearing pursuant to section 34-85. 105 ILCS 5/34-85 (West 2010). But Medina's attempt to distinguish *McCutcheon* on this basis sidesteps the issue and overlooks the fact that the principal in *McCutcheon* was terminated only for her conduct as a principal. It is not the section of the School Code pursuant to which the dismissed employee's hearing was held that is determinative, a conclusion highlighted by Medina's argument that even had the Board afforded her a tenured teacher dismissal hearing, it could not have dismissed her because a Type-75 certificate was not required for a tenured teacher. Rather, *McCutcheon* points to the conclusion that when a tenured teacher accepts a promotion to a nontenured administrative position such as an assistant principal, she does not retain her "permanent" tenure as a teacher despite being terminated from the administrative position for cause.

¶ 23    Medina contends that the Board's rule dictating that tenure is lost upon a teacher's voluntary acceptance of an assistant principal position runs counter to section 34-84 of the School Code providing that tenure, once obtained, is "permanent." 105 ILCS 5/34-84 (West 2010). But Medina has cited no authority for this result. If Medina's interpretation of "permanent" tenure was correct, the tenured teachers in *Chicago Teachers Union, Local No. 1 v. Board of Education of the City of Chicago*, 2012 IL 112566, who were subject to layoffs for financial reasons, would have prevailed in their contention that they were entitled to be

rehired once teacher vacancies again became available. Our supreme court rejected the union's contention that "permanent" tenure conferred a substantive right to continued employment so that tenured teachers were entitled to a preference in filling vacant positions over equally or less qualified new teachers. *Id.* ¶ 19. Similarly, after she voluntarily accepted a promotion to a nontenured administrative position, Medina did not retain a substantive right to be transferred to a tenured teacher position upon her dismissal for cause as an assistant principal.

¶ 24   Medina's argument on the meaning of "permanent" tenure is based on extrapolations of case law holding that a tenured teacher can be involuntarily transferred from a nontenured assistant principal position to a teaching position (*Bart v. Board of Education of the City of Chicago*, 256 Ill. App. 3d 880, 884 (1993)), or from a guidance counselor position to a teaching position (*Newby v. Board of Education, Lake Zurich Community Unit School District No. 95*, 53 Ill. App. 3d 835, 837 (1977)), and that a school board cannot confer tenure where it is not authorized under the School Code (*Evans v. Benjamin School District No. 25*, 134 Ill. App. 3d 875, 882 (1985)). Medina reasons that because the Board could have transferred her to a teaching position prior to her dismissal, it must do so now, and that because the Board's decision to confer tenure on an unqualified teacher is *ultra vires*, its decision to terminate her as a "tenured teacher" other than for cause related to her performance as a teacher is likewise *ultra vires*.

¶ 25   But the school employees in *Bart* and *Newby* who were involuntarily transferred from nontenured administrative positions to teaching positions were not the subject of proceedings to terminate them for cause from their administrative positions. And cases that hold that a school board cannot confer tenure where not otherwise authorized do not automatically lead to the conclusion that it is beyond the Board's authority to efficiently manage its workforce by requiring teachers who voluntarily seek promotions to nontenured administrative positions to relinquish the ability to return to the tenured teaching staff. Finally, to the extent that *dicta* in other cases cited by Medina in her reply brief suggests that administrators retain their status as tenured teachers (see *Van Dyke v. Board of Education of School District No. 57*, 115 Ill. App. 2d 10 (1969); *Koerner v. Joppa Community High School, District No. 21*, 143 Ill. App. 3d 162 (1986)), we note that none of these cases involved the Board rule at issue here or a teacher's express relinquishment of her ability to return to a teaching position.

¶ 26   It defies logic to suggest that when the Board has cause to terminate an administrator, it is nonetheless obligated to continue to employ that person as a tenured teacher. Taken to its logical extreme, Medina's argument would mean that no matter the cause for an assistant principal's dismissal, that employee would always, and without exception, revert to a tenured teacher position. This is so because the grounds for dismissal of an assistant principal (or any other managerial employee) will always relate to conduct in that administrative position and not as a tenured teacher. Thus, when an employee is serving in the capacity of assistant principal and is not simultaneously teaching, the Board would never, under Medina's reading of the School Code, have "cause" to dismiss that employee as a tenured teacher.

¶ 27   Such a construction of the Board's power under the School Code is inconsistent with the strict construction of teacher tenure mandated in *Bart*. "[T]eacher tenure provisions of the School Code are in derogation of common law and must be strictly construed in favor of the school district." *Bart*, 256 Ill. App. 3d at 883. See also *Evans*, 134 Ill. App. 3d at 879 (teacher

tenure provisions must be strictly construed "so as not to unduly interfere with local board responsibility to operate educational systems efficiently [citations]").

¶ 28 Moreover, the procedures applicable to dismissal of assistant principals and tenured teachers are different in important respects. Prior to a dismissal for cause, assistant principals are entitled, pursuant to Board rule, to notice and a hearing before a hearing officer designated by the Board.

¶ 29 In contrast, tenured teachers are provided a broad array of statutory protections prior to dismissal. Dismissal of tenured teachers is governed by section 34-85 of the School Code, which provides: "No teacher employed by the board of education shall *** be removed except for cause." 105 ILCS 5/34-85 (West 2010). Charges against a tenured teacher must be approved by the general superintendent. *Id.* The teacher may demand a hearing before an impartial hearing officer selected from a list maintained by the Illinois State Board of Education and the hearing must be scheduled no less than 15 nor more than 30 days after approval of the charges. *Id.* If the conduct that is the subject of the charges is deemed remediable, the teacher must be given a written warning, prior to the initiation of charges, that the conduct, if not corrected, can lead to charges. *Id.* Section 34-85 also specifies time limits for the hearing officer's decision and consequences for the failure to adhere to those time limits. *Id.* Having sought and accepted a nontenured administrative position, Medina received the process she was due prior to her termination and her arguments on appeal improperly conflate her rights as an assistant principal with those attendant to her former position as a tenured teacher.

¶ 30                                    CONCLUSION

¶ 31 Fundamentally, Medina's loss of tenure resulted from her voluntary decision to seek and accept a promotion to a nontenured assistant principal position. She was aware both that her decision to accept the position resulted in the relinquishment of her right to return to a tenured teacher position and that her right to remain in the assistant principal position was contingent on her obtaining a Type-75 certificate, which she failed to do. As we are not left with the definite and firm conviction that a mistake has been committed nor do we find any error of law, we affirm the decision of the Board dismissing Medina as an assistant principal.

¶ 32 Affirmed.