2024 IL App (1st) 232153-U

No. 1-23-2153

Order filed December 18, 2024

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| POLICEMEN'S BENEVOLENT & PROTECTIVE ASSOCIATION OF ILLINOIS, UNITS 156 A, B, and C — SERGEANTS, LIEUTENANTS, and CAPTAINS, | ) ) ) ) | Petition for Direct Administrative Review of Decision of Illinois Labor Relations Board. |
| Petitioners-Appellants, | ) ) | |
| v. | ) ) | No. L-CA-21-026 |
| CITY OF CHICAGO and ILLINOIS LABOR RELATIONS BOARD, | ) ) ) | |
| Respondents-Appellees. | ) ) | |

PRESIDING JUSTICE LAMPKIN delivered the judgment of the court.
Justices Reyes and D.B. Walker concurred in the judgment.

**ORDER**

¶ 1   *Held*:   We affirm the Illinois Labor Relations Board's dismissal of the union's unfair labor practice charge because it failed to raise an issue of law or fact sufficient to warrant a hearing.

¶ 2   Respondent, the Illinois Labor Relations Board (Board) dismissed the unfair labor practice charge of petitioners, the unions representing all sworn officers in the Chicago Police Department

(CPD) who hold the rank of sergeant, lieutenant or captain. The Board ruled that no issues for hearing remained because this court's ruling in related arbitration litigation was dispositive of the key issue in petitioners' unfair labor practice charge, *i.e.*, whether respondent, the City of Chicago (City), improperly proposed a permissive subject of bargaining to the arbitration panel by seeking to force petitioners' members to waive their statutory rights.

¶ 3 On appeal, petitioners argue that dismissal of their unfair labor practice charge without a hearing was improper because this court charged the Board to determine whether the City's proposal was a permissive or mandatory subject of bargaining.

¶ 4 For the reasons that follow, we affirm the decision of the Board.[1]

¶ 5         I. BACKGROUND

¶ 6 The petitioner unions and respondent City reached an impasse during negotiations of their collective bargaining agreements (CBAs). In 2019, petitioners invoked the contractual interest resolution procedure, *i.e.*, arbitration, and the parties' dispute was referred to a Dispute Resolution Board (DRB).

¶ 7 In June 2020, the DRB issued an arbitration award concerning the terms to be included in the new CBAs. Relevant to this appeal, the DRB ruled that the City could use an anonymous complaint affidavit override procedure in the internal investigations of CPD sergeants, lieutenants, and captains. Moreover, the DRB added a provision allowing an officer who is the subject of an anonymous complaint to challenge before a neutral arbitrator "whether the override affidavit was

---

[1]In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

executed in good faith," including whether it was "based upon a review of objective verifiable evidence."

¶ 8     In July 2020, the Chicago City Council ratified the parties' new CBAs, which now permit the use of the affidavit override procedure for anonymous complaints when an individual alleges that a sergeant, lieutenant or captain of the CPD has engaged in misconduct that is not criminal in nature, and the individual is anonymous or does not execute an affidavit, and the official of the designated investigative agency executes the requisite affidavit stating, *inter alia*, that he or she believes that further investigation into the alleged misconduct is necessary.

¶ 9     Also in July 2020, petitioners petitioned the circuit court for review of the DRB's award. Petitioners sought a declaratory judgment against the City and asked the court to set aside the DRB's arbitration award. Thereafter, the parties filed cross-motions for summary judgment.

¶ 10     Meanwhile, in December 2020, petitioners filed an unfair labor practice charge in the case at issue here with the respondent Board, alleging that the City violated sections 10(a)(1) and (a)(4) of the Illinois Public Labor Relations Act (Labor Act) (5 ILCS 315/10(a)(1), (a)(4) (West 2020)), which make it an unfair labor practice for a public employer to refuse to bargain collectively in good faith with its employees' bargaining representative. Specifically, petitioners alleged that the City violated the Labor Act by submitting its anonymous complaint proposal to the DRB. According to petitioners, the proposal was inconsistent with officers' statutory rights and therefore was a permissive, not mandatory, subject of bargaining. Petitioners asserted that the City improperly pursued that permissive subject in arbitration before the DRB.

¶ 11    In November 2021, as a result of the DRB's award being appealed, the executive director of the Board issued an order advising the parties that it would hold resolution of the unfair labor practice charge in abeyance pending the court's resolution of petitioners' petition for review of the DRB arbitration award. The executive director reasoned that the court's disposition of the arbitration challenge would likely resolve petitioners' unfair labor practice charge. Petitioners did not object to the abeyance order.

¶ 12    In May 2022, the circuit court affirmed the DRB's arbitration award by granting summary judgment against petitioners and in favor of the City on the petition for review involving, *inter alia*, the issue of internal investigations of anonymous complaints. Petitioners thereafter appealed the circuit court's order to this court (case No. 1-22-0762), arguing, *inter alia*, that (1) the DRB exceeded its authority by considering the City's anonymous complaint override proposal because petitioners' statutory right to be free from investigations based on anonymous complaints constituted a permissive subject of bargaining, and (2) the DRB's decision was arbitrary and capricious because the City's anonymous complaint affidavit override proposal contravened Illinois law.

¶ 13    In May 2023, this court affirmed the judgment of the circuit court, which affirmed the DRB's decision concerning, *inter alia*, internal investigations of anonymous complaints. *Policemen's Benevolent & Protective Association of Illinois v. City of Chicago*, 2023 IL App (1st) 220762-U, ¶¶ 5, 62 [hereinafter, *Policemen's Benevolent I*]. Specifically, this court ruled that (1) it would not consider whether the City's bargaining proposal concerned a permissive subject of bargaining because the determination of whether specific issues are mandatorily or permissibly

bargainable lies with the Board (*id.* ¶¶ 32-35), and (2) the DRB did not act in an arbitrary and capricious manner by adopting the City's anonymous complaint affidavit override proposal because that proposal did not conflict with the statutory rights of petitioners' members (*id.* ¶ 55).

¶ 14 Thereafter, petitioners notified the Board of this court's resolution of petitioners' petition for review of the DRB's award and asked the Board to conduct a hearing on petitioners' unfair labor practice charge.

¶ 15 In July 2023, the executive director of the Board dismissed petitioners' unfair labor practice charge without holding a hearing because the charge "fail[ed] to raise an issue of law or fact sufficient to warrant a hearing." The executive director determined that the City did not engage in bad faith bargaining or violate section 10(a)(4) of the Labor Act because (1) the mere submission of a proposal on which the parties disagree about whether the subject is mandatory or permissive is not an unfair labor practice, and (2) petitioners suffered no prejudice when the DRB adopted the City's proposal because this court held that the proposal did not waive the statutory rights of petitioners' members. The executive director, quoting *Policemen's Benevolent I*, 2023 IL App (1st) 220762-U, ¶ 46, noted this court's ruling that " 'section 3.8(b) of the [Uniform Peace Officers' Disciplinary Act (Disciplinary Act) (50 ILCS 725/3.8(b) (West 2020))] and section 15(a) of the Labor Act *** do not require that the affidavit supporting a complaint against a sworn peace officer must be signed by the known complainant.' " The executive director explained: "Overall, the Appellate Court found that [the City's] proposals regarding disciplinary investigations and the affidavit override procedure, which the [DRB] adopted in its award, did not waive [petitioners'] members' rights under the Disciplinary Act to the accompaniment of an affidavit to a complaint."

Because "no statutory rights of [petitioners'] members were waived when the [DRB] issued its award adopting [the City's] proposal," the executive director concluded that "the proposal was not a permissive subject of bargaining, but a mandatory one."

¶ 16    Petitioners appealed the dismissal of their unfair labor practice claim to the respondent Board. Petitioners cited the Disciplinary Act and the Labor Act and argued that their members had a "statutory right to be free from investigations predicated upon anonymous complaints" and "upon complaints [that are not] supported by a sworn affidavit." Petitioners further argued that "[u]nions cannot be forced to waive or relinquish statutory rights and any attempt to force such a waiver is a permissive subject of bargaining." Petitioners asked the Board to order a hearing on its unfair labor practice charge and to "[r]estrain the City from, in any manner, investigating alleged misconduct of members of [petitioners] that are predicated upon anonymous complaints."

¶ 17    In October 2023, the Board issued its written decision affirming the dismissal of petitioners' unfair labor practice charge without a hearing. The Board ruled that petitioners' appeal "fail[ed] to undermine the Executive Director's findings, analysis, and conclusions." The Board determined that "no issues for hearing remain[ed] because the court's ruling in the related arbitration litigation is dispositive of the key issue in the instant charge," namely, whether the City's proposal was permissive because it sought a waiver of statutory rights. The Board explained that "the court resolved the underlying issues—whether the Disciplinary Act granted the rights [petitioners claim they were] being forced to waive," and that the Board would necessarily have to follow" this court's decision. The Board noted that petitioners "fail[ed] to address the Executive

Director's determination that the Appellate Court's ruling resolved the issue at the heart of [petitioners'] claim."

¶ 18 Petitioners then petitioned this court for direct review of the Board's final administrative decision. Petitioners ask this court to remand this matter back to the Board and mandate that a hearing be conducted to determine if the City's anonymous complaint proposal was a permissive subject of bargaining and whether the City's action of submitting that proposal to arbitration constituted an unfair labor practice.

¶ 19                                    II. ANALYSIS

¶ 20 In its unfair labor practice charge, petitioners alleged that the City violated its obligation under the Labor Act to bargain in good faith. The Labor Act "regulate[s] labor relations between public employers and employees." 5 ILCS 315/2 (West 2020). It requires a public employer, such as the City, to bargain collectively in good faith with its employees' representative, such as petitioners. See 5 ILCS 315/10(a)(4) (West 2020); *County of Cook v. Illinois Labor Relations Board*, 2017 IL App (1st) 153015, ¶ 42. In general, a public employer's duty to bargain collectively extends to "wages, hours, and other conditions of employment." 5 ILCS 315/7 (West 2020); *County of Cook*, 2017 IL App (1st) 153015, ¶ 43; *cf.* 5 ILCS 315/4 (West 2020) ("Employers shall not be required to bargain over matters of inherent managerial policy").

¶ 21 Matters over which the parties are required to negotiate in good faith are called mandatory subjects of bargaining. *County of Cook*, 2017 IL App (1st) 153015, ¶¶ 44-45 (citing *Central City Education Ass'n v. Illinois Labor Relations Board*, 149 Ill. 2d 496, 523 (1992)). Conversely, "permissive subjects of bargaining are terms that the parties are not required to negotiate, but if

one side proposes negotiation on those matters, the other side may voluntarily negotiate." *Skokie Firefighters Union, Local 3033 v. Illinois Labor Relations Board, State Panel*, 2016 IL App (1st) 152478, ¶ 6. Employee discipline generally is a mandatory subject of bargaining. See *City of Decatur v. American Federation of State, County, and Municipal Employees, Local 268*, 122 Ill. 2d 353, 359, 367 (1988). But a proposal that requires the other party to waive statutory rights is a permissive subject of bargaining. *Skokie Firefighters Union, Local 3033*, 2016 IL App (1st) 152478, ¶¶ 13, 15.

¶ 22    Since the Labor Act generally prohibits police officers and other public safety employees from striking, it provides other means of resolving intractable contract negotiations. 5 ILCS 315/2, 3(k), 14 (West 2020). If the collective bargaining process reaches an impasse, the disputed terms generally are resolved by an arbitration panel. See *id.* § 14. The arbitration panel decides disputed mandatory subjects of bargaining but, absent the parties' agreement, cannot decide permissive subjects of bargaining. See *Skokie Firefighters Union, Local 3033*, 2016 IL App (1st) 152478, ¶¶ 6, 15, 20; 5 ILCS 315/14(i) (West 2020); 80 Ill. Admin. Code 1230.90(k) (2021). The Labor Act also allows the employer and union to "agree to submit unresolved disputes concerning wages, hours, terms and conditions of employment to an alternative form of impasse resolution." 5 ILCS 315/14(p) (West 2020). Here, arbitration proceeded according to the City and petitioners' previously existing contracts, which incorporated portions of section 14 of the Labor Act, including section 14(i) regarding the scope of matters to be decided by the arbitration panel.

¶ 23    The arbitration panel's award is reviewable in the circuit court, but only for certain reasons, such as "that the arbitration panel was without or exceeded its statutory authority," or the award is

arbitrary or capricious. 5 ILCS 315/14(k) (West 2020). In the related case *Policemen's Benevolent I*, 2023 IL App (1st) 220762-U, petitioners unsuccessfully challenged the arbitration award on those grounds.

¶ 24    Besides litigation to challenge an arbitration award, the Labor Act also provides for litigation regarding alleged unfair labor practices—as in the present proceeding. Unfair labor practices under the Labor Act include a public employer interfering with public employees exercising the rights guaranteed in the Labor Act, and "refus[ing] to bargain collectively in good faith" with its employees' representative. 5 ILCS 315/10(a)(1), (a)(4) (West 2020). Like the court in *Skokie Firefighters Union, Local 3033*, we take "no issue with the general proposition that merely submitting a permissive subject of bargaining to arbitration is not itself an unfair labor practice." 2016 IL App (1st) 152478, ¶ 20 & n.1 (stating that the court did not "decide the efficacy of that rule"[2] because the circumstances in the case on review were "sufficiently distinguishable" from case citing that general proposition). However, submitting a permissive subject of bargaining to arbitration is an unfair labor practice in violation of section 10(a)(4) of the Labor Act ("and, derivatively, section 10(a)(1)") if the arbitration panel then adopts that proposal over the other party's objection. *Skokie Firefighters Union, Local 3033*, 2016 IL App (1st) 152478, ¶ 22.

¶ 25    A party who claims an unfair labor practice has been committed may file a charge with the Board (80 Ill. Admin. Code 1220.20 (2020); 5 ILCS 315/11(a) (West 2020)), as petitioners did here. If "the Board finds that the charge involves a dispositive issue of law or fact the Board shall"

---

[2]Here, we also need not "decide the efficacy of that rule" because, as discussed below, this court has already established that the City's proposal was consistent with the statutory rights of petitioners' members (see *Policemen's Benevolent I*, 2023 IL App (1st) 220762-U, ¶¶ 46, 49, 55), and petitioners did not raise before the Board any other reason why the proposal was a permissive subject of bargaining.

set the matter for an administrative hearing. 5 ILCS 315/11(a) (West 2020); see 80 Ill. Admin. Code 1220.40(a)(3), 1220.50 (2003); *cf.* 5 ILCS 315/11(i) (West 2020); 80 Ill. Admin. Code 1220.65 (2022). However, if "the charge does not state a claim on its face or if the investigation reveals that there is no issue of law or fact sufficient to warrant a hearing, the Executive Director shall dismiss the charge" (80 Ill. Admin. Code 1220.40(a)(4) (2003)), as she did in this case. A dismissal by the executive director can be appealed to the Board (80 Ill. Admin. Code 1200.135(a) (2016), 1220.40(a)(4) (2003)), as petitioners did here. The Board's decision to affirm the dismissal is subject to direct administrative review in the appellate court (5 ILCS 315/11(e) (West 2020)), which petitioners now have invoked. On direct administrative review, this court reviews the Board's decision, not the executive director's. *Id.*

¶ 26    Judicial review of the Board's decision is governed by the Administrative Review Law. *County of Cook*, 2017 IL App (1st) 153015, ¶ 38; 735 ILCS 5/3-101 *et seq.* (West 2020); 5 ILCS 315/11(e) (West 2020). "Under the Administrative Review Law, the scope of judicial review extends to all questions of law and fact presented by the record before the court." *County of Cook*, 2017 IL App (1st) 153015, ¶ 38; 735 ILCS 5/3-110 (West 2020). Arguments not raised before the agency are forfeited. *Cinkus v. Village of Stickney Municipal Officers Electoral Board*, 228 Ill. 2d 200, 212-13 (2008).

¶ 27    The applicable standard of review depends on "whether the question presented is one of fact, one of law, or a mixed question of law and fact." *County of Cook*, 2017 IL App (1st) 153015, ¶ 39. The Board's factual findings "are deemed to be *prima facie* true," and will be reversed only if "they were contrary to the manifest weight of the evidence." *Id.*; see 735 ILCS 5/3-110 (West

2020). Legal conclusions are reviewed *de novo*. *County of Cook*, 2017 IL App (1st) 153015, ¶ 39. And mixed questions of law and fact are reviewed for clear error. *Id.* However, the Board's dismissal of an unfair labor practice charge for insufficient evidence is reviewed for an abuse of discretion. *Michels v. Illinois Labor Relations Board*, 2012 IL App (4th) 110612, ¶ 45.

¶ 28    In this case, review of the Board's decision is *de novo*. The Board affirmed the dismissal because this court resolved petitioners' underlying claim that the anonymous complaint proposal was inconsistent with its members' statutory rights, and the Board was required to follow this court's decision. As discussed below, the Board was bound by collateral estoppel, the application of which is reviewed *de novo*. *Village of Alsip v. Portincaso*, 2017 IL App (1st) 153167, ¶ 12. Further, there were no factual disputes. Therefore, review here is *de novo* for similar reasons to *Skokie Firefighters Union, Local 3033*, 2016 IL App (1st) 152478, ¶ 12 ("The ILRB dismissed the Union's complaint on the basis that there were no issues of fact and that the Union's charge was insufficient as a matter of law, so *de novo* review is appropriate.").

¶ 29    We conclude that the Board correctly dismissed petitioners' unfair labor practice charge for failure to raise an issue of law or fact sufficient to warrant a hearing. The submission of a permissive—rather than a mandatory—subject of bargaining to arbitration can be an unfair labor practice. *Skokie Firefighters Union, Local 3033*, 2016 IL App (1st) 152478, ¶¶ 20, 22. However, this court's decision in *Policemen's Benevolent I* forecloses the only argument petitioners raised in their unfair labor practice charge before the Board and developed in their appellate brief: that the City's anonymous complaint proposal was a permissive subject of bargaining because it required petitioners' members to waive statutory rights.

¶ 30 The Board correctly determined that it "necessarily [had] to follow" this court's decision in *Policemen's Benevolent I*. In that related case, this court held that the clear and unambiguous provisions of "section 3.8(b) of the Disciplinary Act and section 15(a) of the Labor Act, upon which [petitioners] rely, *** do not require that the affidavit supporting a complaint against a sworn peace officer must be signed by the known complainant." *Policemen's Benevolent I*, 2023 IL App (1st) 220762-U, ¶ 46. Therefore, the arbitration award was "not contrary to either the Disciplinary Act or the Labor Act." *Id.* at ¶ 55.

¶ 31 Collateral estoppel required the Board to follow these holdings. When collateral estoppel applies, it bars relitigation of an issue that was decided in a prior proceeding. *Village of Alsip*, 2017 IL App (1st) 153167, ¶ 27. There are three threshold requirements for collateral estoppel to apply: "(1) the issue decided in the prior adjudication is identical with the one presented in the suit in question, (2) there was a final judgment on the merits in the prior adjudication, and (3) the party against whom estoppel is asserted was a party or in privity with a party to the prior adjudication." (Internal quotation marks omitted.) *Id.* If these requirements are met, it must be "clear that no unfairness results to the party being estopped" before collateral estoppel will apply. (Internal quotation marks omitted.) *Id.*

¶ 32 Here, all the requirements for collateral estoppel are met. First, the issue in this proceeding is identical to the issue decided in *Policemen's Benevolent I*: on *de novo* review, whether the City's anonymous complaint proposal was consistent with officers' rights under section 3.8(b) of the Disciplinary Act and section 15(a) of the Labor Act. Second, there was a final judgment on the merits in *Policemen's Benevolent I*, 2023 IL App (1st) 220762-U, ¶¶ 23, 62-64, because this court

affirmed the circuit court's summary judgment (see *Du Page Forklift Service, Inc. v. Material Handling Services, Inc.*, 195 Ill. 2d 71, 85 (2001) ("entry of summary judgment *** constituted adjudication[ ] on the merits for purposes of applying collateral estoppel"). Third, petitioners are parties in both proceedings.

¶ 33    Further, applying collateral estoppel causes no unfairness to petitioners because, in *Policemen's Benevolent I*, they "had a full and fair opportunity" to litigate their claim that the anonymous complaint proposal violated officers' statutory rights. *Talarico v. Dunlap*, 177 Ill. 2d 185, 192 (1997). Indeed, petitioners vigorously litigated that claim before the arbitration panel, the circuit court, and this court. There was no lack of incentive to litigate. In particular, the present unfair labor practice litigation was not only foreseeable, but petitioners had filed their unfair labor practice charge while their arbitration challenge was pending in the circuit court.

¶ 34    Since all requirements for collateral estoppel were met and there was no unfairness to petitioners, the Board was correct to follow this court's holding in *Policemen's Benevolent I* that the anonymous complaint proposal was consistent with officers' rights under the Disciplinary Act and the Labor Act. *Policemen's Benevolent I*, 2023 IL App (1st) 220762-U, ¶¶ 46, 49, 55; see *Village of Alsip*, 2017 IL App (1st) 153167, ¶ 32 (adverse workers compensation decision regarding cause of injury precluded pension applicant "from relitigating the same issue in front of the Pension Board"). In other words, *Policemen's Benevolent I* barred petitioners' argument that the anonymous complaint proposal required them to waive rights under the Disciplinary Act and the Labor Act. And that was the only argument that petitioners presented in their unfair labor

practice charge before the Board to support their claim that the anonymous complaint proposal was a permissive subject of bargaining.[3]

¶ 35 Petitioners are mistaken as a matter of law when they assert that their charge should not have been dismissed because the "charge does indeed involve an issue of law, whether the proposal submitted by the City is a permissive subject of bargaining." Likewise, there is no basis for petitioners' suggestion that the Board's decision did not "comport[ ] with" its "duties and requirements" and was "in contravention to the rights of [petitioners'] members." On the contrary, in light of *Policemen's Benevolent I*, the executive director was required to dismiss the charge because there was no issue of law or fact warranting a hearing. See 80 Ill. Admin. Code 1220.40(a)(4) (2003). And the Board was correct to affirm the dismissal. See 80 Ill. Admin. Code 1200.135(a) (2016), 1220.40(a)(4) (2003).

¶ 36 Petitioners have not addressed collateral estoppel before the Board or on appeal. Instead, petitioners assert that *Policemen's Benevolent I* is "unpublished, non-precedential dicta." But petitioners did not make this argument, or otherwise dispute the binding effect of *Policemen's Benevolent I*, before the Board—not even after the executive director relied on it in her dismissal order. Therefore, the argument is forfeited. See *Cinkus*, 228 Ill. 2d at 212-13. Forfeiture aside, an unpublished decision is "precedential" when cited to support a contention of collateral estoppel.

---

[3]To the extent that petitioners alleged in their charge that the City's proposal also violated the Chicago Municipal Code, petitioners forfeited any such claim by failing to pursue it in their appeal to the Board (*Cinkus*, 228 Ill. 2d at 212-13), and by failing to raise it here in their appellate brief (see *Porter v. Cook County Sheriff's Merit Board*, 2020 IL App (1st) 191266, ¶ 76 (citing Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020) for the rule that points not argued in the opening brief are forfeited)).

Ill. S. Ct. R. 23(e)(1) (eff. Feb. 1, 2023); see *In re Marriage of Hipes & Lozano*, 2023 IL App (1st) 230953, ¶ 50 n.3; *In re Estate of Opalinska*, 2015 IL App (1st) 143407, ¶¶ 9-12 (under former Rule 23, allowing citation of unpublished decision to support contention of collateral estoppel).

¶ 37    The Board correctly recognized that it was bound by this court's holding that the anonymous complaint proposal did not violate statutory rights. And that foreclosed the only basis supporting petitioners' argument that the City's proposal concerned a permissive subject of bargaining. However, on appeal, petitioners offer a new argument: "The Executive Director failed to consider other reasons why the proposal was a permissive subject of bargaining, namely, that the proposal did not consist of wages, hours, or conditions of employment."

¶ 38    Petitioners did not raise these "other reasons" at any point in the Board proceedings. Rather, in petitioners' unfair labor practice charge, request for an administrative hearing, and appeal to the Board, they argued only that the anonymous complaint proposal was a permissive subject of bargaining because, in their view, the proposal required them to waive statutory rights. Therefore, petitioners' new argument is forfeited. See *Cinkus*, 228 Ill. 2d at 212-13.

¶ 39    Moreover, the argument is doubly forfeited because petitioners have not properly presented it to this court, either. An appellant's opening brief "shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). A party's "failure to articulate and explain his contentions and *** failure to support them with relevant legal authority are sufficient to consider his contentions waived." *Porter*, 2020 IL App (1st) 191266, ¶ 76. "[A] reviewing court is entitled to have the issues on appeal clearly defined with pertinent authority cited and a cohesive legal

argument presented"; the "appellate court is not a depository in which the appellant may dump the burden of argument and research." (Internal quotation marks omitted.) *Id.* Here, petitioners have presented only a conclusory assertion that the anonymous complaint proposal did not involve wages, hours, or working conditions, with no citation to the record and only one case citation with no explanation or analysis. Specifically, petitioners cite *Village of Oak Lawn v. Illinois Labor Relations Board*, 2011 IL App (1st) 103417, for the uncontested proposition that "[m]andatory subjects of bargaining, such as wages, hours, and conditions, are subjects that parties are required to negotiate." The argument is forfeited. See *In re Marriage of Winter*, 2013 IL App (1st) 112836, ¶ 29 (declining to overlook forfeiture because argument was "twice forfeited").

¶ 40    Petitioners assert that the Board's decision to affirm the dismissal "is putting the proverbial cart before the horse; making a determination on an outcome without [petitioners] being given a chance to make a cogent argument before the Board." But petitioners had that opportunity when they appealed the dismissal to the Board. See 80 Ill. Admin. Code 1200.135(a) (2016), 1220.40(a)(4) (2003). In their nearly 200-page submission to the Board, petitioners never suggested that the City's proposal was a permissive subject of bargaining for any reason other than petitioners' view that the proposal required their members to waive statutory rights.

¶ 41    Petitioners also argue that the Board improperly affirmed the executive director's dismissal order because this court in *Policemen's Benevolent I*, 2023 IL App (1st) 220762-U, required the Board to first determine whether the City's anonymous complaint affidavit override proposal was a permissive subject of bargaining. Petitioners, however, mischaracterize this court's ruling. Rather than "task[ing]" the Board first to determine whether the City's proposal concerned a

permissive or mandatory subject of bargaining, this court stated that we would not consider that issue because that determination lies with the Board. *Id.* ¶¶ 32-35 (citing 5 ILCS 315/5 (West 2018) and other authorities). Indeed, the Board was not a party to *Policemen's Benevolent I*, and in that case this court was not reviewing any Board decision. Furthermore, the Board did address the particular permissive-subject-of-bargaining argument that petitioners raised when the Board stated that petitioners "failed to raise issues of fact or law warranting [a] hearing" regarding their charge that the City's anonymous complaint proposal "concern[ed] a permissive subject of bargaining."

¶ 42                                III. CONCLUSION

¶ 43    For the foregoing reasons, we affirm the decision of the Board.

¶ 44    Board decision affirmed.